**Richard M. TECHTMANN and Monica Techtmann, Appellees,**

v.

**Roy J. HOWIE, Robert Gray's Sons, Inc., Individually and t/a Gray Trucking and Gray Trucking, Scanforms Inc. Individually and t/a Scanforms Company and Scanforms Company, Material Handling Equipment Company, Individually and t/a Modern Group, Ltd., and Modern Group, Ltd., Advanced Lifts, Inc. and Advanced Lift Designs, Inc.,**

**Appeal of ROBERT GRAY'S SONS, INC., Roy Howie and Gray Trucking.**

Superior Court of Pennsylvania.

Filed Nov. 5, 1998.

---

Michael N. Corr, West Chester, for appellants.

E. Douglas DiSandro, Philadelphia, for Techtmann, appellees.

Michael J. Dunn, Philadelphia, for Modern Group, appellee.

John P. Penders, Philadelphia, for Advanced Lifts, appellee.

Before KELLY, POPOVICH and ORIE MELVIN, JJ.

OPINION PER CURIAM:

Appellants are before this Court seeking review of the April 27, 1998 order of the trial court denying the appellants' Petition for Leave to Join an Additional Defendant. The appellees have filed a motion to quash the appeal as interlocutory. The issue is whether this order is properly on appeal. After careful consideration, we find this appeal is not from a final order nor is it permitted by statute, and thus we are compelled to grant the motion to quash.

Procedurally, it appears from the record that on February 15, 1995 appellees Richard and Monica Techtmann instituted an action against nine defendants, including Appellants Roy Howie, Robert E. Gray's Sons, Inc., individually and trading as Gray Trucking and Gray Trucking seeking to recover damages for personal injuries. Mr. Techtmann, a postal clerk, alleges on March 23, 1993 while he was working at a loading dock at the Bristol Pennsylvania Post Office his hand became pinned between a hydraulic lift and a truck. The lift was operated by appellant Roy J. Howie, an employee of appellant Robert E. Gray's Sons, Inc. In the course of treatment for his injuries, Mr. Techtmann required five surgical procedures to his hand. After the last surgery, which was performed by James M. Hunter, M.D., the condition of the hand and arm worsened. In response to Appellants' Request for Production of Documents, Appellees' counsel turned over a report by Richard H. Bennett, M.D., dated October 19, 1994, made in connection with Mr. Techtmann's Workers Compensation claim, in which Dr. Bennett criticized the treatment rendered by Dr. Hunter. Appellants also have a report from their own expert, Dr. Askin, expressing criticism of Dr. Hunter's treatment.

This case took a procedural detour when the trial court issued an order transferring the case from Philadelphia County to Bucks County. However, our Supreme Court granted an allowance of appeal and on September 16, 1997 the trial court's order was reversed and the case was remanded to Philadelphia County for further proceedings. An application for reconsideration was denied,

and the record was remanded on January 14, 1998. On January 26, 1998, defendant Advanced Lifts, Inc. again moved for a transfer of venue to Bucks County, and Appellees responded with a Motion for Sanctions.

Appellant Robert E. Gray's Sons, Inc. filed a Motion for Leave to Join Additional Defendant James M. Hunter, M.D. The record reflects that on April 27, 1998 the trial court denied all outstanding motions. Appellants filed two applications requesting certification of the trial court's order denying change of venue and denying Leave to Join Additional Defendant for an immediate interlocutory appeal. On June 23, 1998 both applications were denied by the trial court. It is from the April 27, 1998 order which specifically denies the Motion of Appellant Robert Gray's Sons, Inc., for Leave to Join Additional Defendant (James M. Hunter, M.D.) that this appeal is filed.

Before this Court can review any trial court's order, we must determine whether it is properly before us. It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *Robec, Inc. v. Poul*, 452 Pa.Super. 264, 681 A.2d 809 (1996); 42 Pa.C.S.A. § 742. Most recently we enumerated certain situations when an appeal is proper, and we repeat here that:

> Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa. R.App. P 311); (3) an interlocutory order by permission [Pa. R.App. P. 312, 1311, and 42 PA.C.S.A. § 702(b) ]; or (4) a collateral order (Pa. R.A.P. 313).

*Pace v. Thomas Jefferson University Hospital*, 717 A.2d 539, 540 (Pa.Super.1998) (citations omitted).

■ A final order is (1) any order that disposes of all claims or of all parties, (2) any order that is expressly defined as a final order by statute, or (3) any order entered as a final order pursuant to subsection (c) of Pa.

R.A.P. 341. *Redev. Auth. of Cambria v. Intern. Ins.*, 454 Pa.Super. 374, 685 A.2d 581 (1996). Obviously, the order in this case, denying counsel's Petition for Leave to Join an Additional Defendant does not dispose of the claims of all the parties. *See* Pa.R.A.P. 341(b)(1) which states, "A final order is any order that disposes of all claims and of all parties." The Note to Rule 341 provides in pertinent part:

> The following is a partial list of orders **previously interpreted by the courts as appealable final orders under Rule 341 that are no longer appealable as of right** unless the trial court or administrative agency makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):
>
> * * * *
>
> (6) an order dismissing a complaint to join an additional defendant or **denying a petition to join an additional defendant** or denying a petition for late joinder of an additional defendant.

Pa.R.A.P. 341, Note (emphasis supplied).

In the instant case, the trial court did not make an express determination of finality under Rule 341(c).[1] Therefore, we find that the denial of a petition for leave to join an additional defendant is unappealable. To hold otherwise would permit the kind of piecemeal litigation that the Supreme Court specifically tried to eliminate when it enacted Rule 341. *Liberty State Bank v. Northeastern Bank of Pennsylvania*, 453 Pa.Super. 231, 683 A.2d 889, 890 (1996).

Therefore, this matter is properly before us only if it qualifies as an interlocutory order appealed as of right pursuant to Rule 311, an interlocutory order by permission pursuant to Rule 312, or a collateral order pursuant to Rule 313.

■ Under certain circumstances, an appellate court may entertain an appeal from

---

1. We note that very recently in *Lawrence v. Meeker*, 717 A.2d 1046 (Pa.Super.1998) we reviewed the issue of joinder of additional defendant on the merits. In that case, the trial court amended its previous order to provide for immediate appeal pursuant to Pa.R.A.P. 341. There is no such order in this present case.

an interlocutory order taken either as a matter of right, Pa.R.A.P. 311, or by permission, Pa.R.A.P. 312 and 1311 and 42 Pa.C.S.A §702(b). *H.R. v. Department of Public Welfare*, 676 A.2d 755, 758 (Pa.Cmwlth.1996). Rule 311 lists the interlocutory orders to which the right of appeal attaches. An Order denying joinder of a party does not constitute a basis for an interlocutory appeal as of right within this rule. Thus, petitioner does not have the right to appeal the Order denying joinder pursuant to Rule 311.

∎ Section 702(b) requires the order to contain the trial court's certification that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. In addition to the language prescribed, Section 702(b) requires the appellant to file a petition for permission to appeal with the appellate court within thirty (30) days after entry of such order in the trial court. *Continental Bank v. Andrew Building Co.*, 436 Pa.Super. 559, 648 A.2d 551, 555 (1994) (citations omitted). In the instant case, the order does not contain the requisite language pursuant to Section 702(b). As noted above, on May 15, 1998 appellant filed two applications requesting that the trial court certify the order denying change of venue and denying Leave to Join Additional Defendant for immediate interlocutory appeal. The trial court denied these applications on June 23, 1998. Therefore, the order is not appealable under this provision. The only other possibility to proceed to immediate appellate review is when the order at issue qualifies as a collateral order.

∎ Under Pa. R.A.P. 313, an appeal may be taken as of right from a collateral order. Rule 313(b) provides the following definition:

A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed, until final judgment in the case, the claim will be irreparably lost.

To take an appeal under this doctrine, all three elements set forth in Rule 313 must be satisfied. *Brawley Distributing Co. Inc. v. Heartland Properties*, 712 A.2d 331 (Pa.Super.1998). As we recently stated in *McGourty v. Pennsylvania Millers Mutual Insurance Company*, 704 A.2d 663 (Pa.Super.1997):

The collateral order doctrine must be construed narrowly in order to 'protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, … causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.'

704 A.2d at 665. (citations omitted). *See Pace v. Thomas Jefferson University Hospital, supra* (where we held that an order denying a motion for leave to file an amended complaint to add an additional cause of action is interlocutory and not appealable under the collateral order doctrine.); *Miller v. Steinbach*, 452 Pa.Super. 194, 681 A.2d 775 (1996)(wherein we held that order directing father to submit to and pay for psychological evaluations before custody determination was intertwined with the custody determination and was therefore not appealable under the collateral order doctrine). In the present case, the Appellants seek review of an order that is procedural in nature and goes to the heart of the case, that is, establishing the identity of the party liable for the Mr. Techtmann's injuries. It is not separable from and collateral to the main cause of action. Therefore, it does not satisfy the first requisite of Rule 313. Accordingly, we grant Appellees' Motion to Quash this appeal as interlocutory and unappealable.

Appeal quashed.