J-S63026-17

2017 PA Super 409

| | |
|---|---|
| IN RE: VICTORIA A. STEELE, ALLEGED INCAPACITATED PERSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: VICTORIA A. STEELE | No. 268 WDA 2017 |

Appeal from the Order Entered January 10, 2017
In the Court of Common Pleas of Warren County
Orphans' Court at No(s): O.C. 48 of 2016

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY SOLANO, J.:                    FILED DECEMBER 27, 2017

Appellant Victoria A. Steele appeals from the order entered January 10, 2017, by the Orphans' Court Division of the Court of Common Pleas of Warren County, which resolved the petition for appointment of a permanent guardian for Steel that was filed by Warren General Hospital ("Hospital"). Steele challenges the orphans' court's denial of her request to have the issues presented by Hospital's petition determined before a jury. We reverse.

On November 1, 2016, Hospital filed a petition for appointment of an "emergency guardian of the person and estate of Victoria A. Steele." Pet. for Appointment of Emergency Guardian, 11/1/16, at 1 (not paginated). Later that day, a hearing on that emergency petition was scheduled for November 7, 2016. Order, 11/1/16. According to an affidavit of service filed on November 7, 2016, Steele was served with the petition for appointment of an emergency guardian on November 4, 2016.

The scheduled hearing was held on November 7, 2016, and, in an order dated November 8, 2016, the orphans' court "found Steele to be incapacitated and in need of a guardian of the estate and of the person and appointed HelpMates, Inc. to that position. The emergency order was effective for only thirty (30) days under [20] Pa. C.S.[A.] Section 5513." Orphans' Ct. Op. at 1 (not paginated); see also Order, 11/8/16. The order would expire on December 7, 2016.

On November 16, 2016, Hospital filed a petition for appointment of a permanent guardian for Steele. The petition claimed that permanent guardianship was required because Steele, among other things, was unable to make informed decisions regarding her medical care and finances. Hospital's Pet. for Appointment of Guardian of Person and Estate of Steele, 11/16/16, at ¶ 7. Later that same day, a hearing on this petition was scheduled for November 29, 2016. Order, 11/16/16. According to a certificate of service filed on November 23, 2016, Steele was served with the petition for appointment of a permanent guardian on November 21, 2016. Certificate of Serv., 11/23/16.

On November 29, 2016, Hospital filed a new petition for appointment of an emergency guardian, and, later that same day, the orphans' court issued an order changing the subject of the hearing scheduled for that day from Hospital's petition for a permanent guardian to the re-appointment of an emergency guardian. At the conclusion of the November 29 hearing, the orphans' court again appointed HelpMates, Inc., as Steele's emergency

guardian. The court rescheduled the hearing on Hospital's petition for appointment of a permanent guardian for December 21, 2016.

On November 30, 2016, Hospital filed an amended petition for appointment of a permanent guardian. This petition was served on Steele that same day, according to a certificate of service filed on December 5, 2016.

On December 14, 2016, Steele filed a Request for a Hearing Before a Jury and an Independent Evaluation Pursuant to 20 Pa.C.S. § 5511.[1] Steele's petition acknowledged that a hearing was scheduled for December 21, 2016 and requested a jury trial. Steele's Request, 12/14/16. Steele requested an independent medical evaluation because she believed that (1) her medication "left her in a state of lethargy, numbed mental awareness, sleepiness, and has caused problems with her mobility," and (2) her doctors had refused to recognize that she could act without a guardian. Id.

On December 16, 2016, the orphans' court denied Steele's request for a hearing before a jury, "notice not having been submitted to the Court prior to ten (10) days before the scheduled hearing on December 21, 2016 in

_____

[1] Section 5511(a) of the Fiduciaries Code states, in pertinent part: "The hearing may be closed to the public and without a jury unless the alleged incapacitated person or his counsel objects. The hearing shall be closed and with or without a jury if the person alleged to be incapacitated or his counsel so requests." 20 Pa. C.S. § 5511(a).

- 3 -

accordance with 20 Pa.C.S. 777."[2] Order, 12/16/15 (dated December 15, 2015).

On December 21, 2016, the hearing on the petition for appointment of a permanent guardian was continued to January 9, 2017. N.T., 12/21/16, at 30. On December 28, 2016, Steele again requested a hearing before a jury. On January 5, 2017, the orphans' court again denied this request. Order, 1/5/17 (dated 1/3/17).

On January 6, 2017, Steele filed a motion for reconsideration alleging that a "Petition for Appointment of Guardian of Person and Estate was filed on December 21, 2016 and the Court personally served Ms. Steele said . . . Petition." Steele's Mot. for Reconsideration, 1/6/17, at ¶ 9. On January 9, 2017, Hospital filed a response in opposition to Steele's request for a hearing before a jury. In an order dated January 9, 2017, and docketed on January 10, 2017, the orphans' court granted reconsideration: "it is hereby Ordered and Decreed that said request is GRANTED, Ms. Steele's right to a trial by jury shall be reinstated." Order, 1/10/17.

Meanwhile, also on January 9, 2017, a non-jury hearing was held on the petition for appointment of a permanent guardian, and the orphans' court declared Steele to be incapacitated and appointed a permanent guardian of her person and estate. N.T., 1/9/17, at 177. On January 10,

_____

[2] We quote Section 777 later in this opinion, but in pertinent part it states that a request for a jury trial shall be made "at least ten days prior to the initial hearing before the orphans' court division" and "is waived if such demand is not so made." 20 Pa.C.S. § 777(d).

2017, the orphans' court entered a written order finding that Steele "is in need of a permanent guardian," that "a failure to make such an appointment will result in irreparable harm to her person and estate," and appointing HelpMates, Inc., as permanent guardian of her person and estate. Order, 1/10/17.

On January 25, 2017, the orphans' court issued the following sua sponte order:

> AND NOW this 24th day of January, 2017, the Court has examined the complete record of the above matter and determined that this Court's Order of January 9, 2017 [docketed on January 10, 2017] was in error. Said Order was based upon an allegation in the Motion For Reconsideration that the Petition For Appointment of Guardian of Person and Estate before the Court was filed on December 21, 2016. A review of the record reveals that there was no new Petition filed in December. The Petition that is now before the Court was filed on November 30, 2016. The first hearing on the Petition now before the Court was scheduled for December 21, 2016. The Request For a Hearing Before a Jury was filed on December 14, 2016, less than ten days prior to the "initial hearing" scheduled on the Petition. No new Petition was filed on December 21, 2016 but only an Order and Citation scheduling a second hearing date of January 9, 2017. The statute, 20 Pa.C.S.A. § 777(d) requires notice ten days prior to the "initial hearing".
>
> THEREFORE, this Court's Order of January 9, 2017 is VACATED; and its Order of December 15, 2016 is REINSTATED.

Order, 1/25/17 (dated 1/24/17). The court's order did not disturb its prior January 5, 2017 order denying Steele's prior request for a hearing before a jury.

On February 7, 2017, Steele filed an appeal with this Court "from the Orders entered in this matter on December 1[6], 2016, January [5], 2017, January 10, 2017, and January 2[5], 2017." Notice of Appeal, 2/7/17.

On March 30, 2017, in its opinion pursuant to Pa.R.A.P. 1925(a), the orphans' court stated: "The appeal of the orders of December 1[6], 2016 and January [5], 2017 was not timely filed within thirty (30) days as required by Pa.R.A.P. 341 and were interlocutory and did not fall under the exceptions of Pa.R.A.P. 311 et. seq." Orphans' Ct. Op. at 1.

Steele now presents the following issue for our review:

> Did the [orphans'] court err in denying Ms. Steele, an alleged incapacitated person, the right to have a jury determine the issue of capacity, where Ms. Steele filed a written Request for a Hearing Before a Jury twelve days before the hearing on the Petition for Appointment of Guardian of Person and Estate?

Steele's Brief at 9.

## Timeliness of Appeal

Before addressing the merits of Steele's claim, we must determine whether this matter is properly before us. Pennsylvania law makes clear that:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

> A final order is one that disposes of all the parties and all the claims . . . or is entered as a final order pursuant to the trial court's determination. [T]he appealability of an order goes directly to the jurisdiction of the Court asked to review the order.

Veloric v. Doe, 123 A.3d 781, 784 (Pa. Super. 2015) (quoted citation and quotation marks omitted).

The sole claim in this action – whether a guardian should be appointed for Steele's person and estate – was not decided until January 10, 2017. This order addressed all outstanding claims for all parties. See Pa.R.A.P. 341(a), 342(a)(5). Steele filed her notice of appeal on February 7, 2017, and thus it is timely. The orphans' court's orders of December 16, 2016, and January 5 2017, which both denied Steele's request for a jury hearing, did not resolve Hospital's claims. We acknowledge that the court sua sponte filed a January 25, 2017 order reversing its position that Steele was entitled to a jury. But the court never vacated or reversed its January 5, 2017 order denying Steele's request for a jury. Hence, Steele may still properly appeal that ruling, as it preceded the court's January 10th final order. A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order. See K.H. v. J.R., 825 A.2d 863, 870-71 (Pa. 2003) (following trial); Betz v. Pneumo Abex LLC, 44 A.3d 27, 54 (Pa. 2012) (summary judgment). Accordingly, we consider the merits of Steele's appeal.

## Timeliness of Request for a Jury Trial

Steele claims the trial court misinterpreted Section 777 of the Fiduciaries Code when it determined that Steele had waived her right to a

- 7 -

hearing before a jury.  Steele's Brief at 15.  Section 777, 20 Pa.C.S. § 777,

states, in relevant part:

> (b) Determination of incapacity.—Any person against whom proceedings have been instituted to establish his incapacity shall be entitled to a trial of such issue by a jury.  The verdict of the jury shall have the same effect as the verdict of a jury in a case at law.
>
> . . .
>
> (d) Waiver of right.—A person desiring a trial by jury shall make demand therefor in writing at least ten days prior to the initial hearing before the orphans' court division or; if the initial hearing is dispensed with as provided in section 778(b) (relating to combined hearings and trials) then at least ten days prior to the trial.  The right to trial by jury is waived if such demand is not so made or, after having been made, the person claiming the right fails to appear.

20 Pa.C.S. § 777(b), (d).  Steele argues:

> The [orphans'] court erred in denying [Steele], an alleged incapacitated person, the right to have a jury determine the issue of capacity, where [Steele] filed a written Request for a Hearing Before a Jury twelve (12) days before the hearing on the Petition for Appointment of Guardian of Person and Estate took place, where 20 Pa.C.S. § 777(d) requires that the request be made at least ten (10) days prior to the hearing.

Steele's Brief at 14.[3]

_____

[3] Steele also asserts:

> In the instant case, if this Honorable Court determines that the trial court correctly interpreted the statute when it determined that the hearing for the appointment of a permanent guardian that was held on January 9, 2017 was not the "initial" hearing to which the statute refers, then Ms. Steele would have had to have made her written request ten days prior to the "initial" hearing to appoint an emergency guardian which was held on November 7, 2016.  Under this theory, Ms. Steele would have

(Footnote Continued Next Page)

Hospital informs us that the only relevant decision it has been able to locate on this issue is Estate of Gregory, No. 1265 IC of 2005, 2006 WL 3041968 (C.P. Phila. 2006). Hospital's Brief at 9.[4] Hospital continues:

> In Gregory, the Philadelphia Corporation for Aging filed its Petition for a determination of incapacity and guardianship on August 9, 2005. Id. at [*1]. . . . On September 12, 2005, eight[] days before the scheduled initial hearing, counsel filed an Answer to the Petition denying the allegations of dementia and in the WHEREFORE clause asked for a jury trial.
>
> The hearing was held on September 20, 2005 and substantial uncontested evidence with respect to incapacity was presented by expert testimony. Id. . . .
>
> The Gregory Court held that the request for a jury trial was untimely under 20 Pa. C.S.A. § 777 because the initial Hearing was scheduled for September 20, 2005, and the request for the jury trial was submitted on September 12, 2005, eight days before the initial hearing. Id. at [*11].
>
> In this case, the initial hearing on the matter of incompetency and the appointment of a permanent guardian for the person and estate of [Appellant] was scheduled before the [orphans' c]ourt to take place on November 29, 2016. Appellant's written

(Footnote Continued) ———————————

> had to have filed her written request by October 28, 2016, which would have been impossible as the petition for the appointment of an emergency guardian was not filed until November 1, 2016.

Steele's Brief at 17-18. We agree with Steele that this result would appear untenable; however, neither Hospital nor the orphans' court is contending that the request for a jury trial would have had to have been filed ten days before the first hearing on the petition for appointment of an emergency guardian. Instead, both Hospital and the orphans' court maintain that the request for a jury trial had to be filed before the initial hearing on the separate petition for appointment of a permanent guardian. Thus, Steele's argument lacks merit.

[4] We note that we are not bound by decisions of lower courts in Pennsylvania, but we may find them persuasive. Newell v. Montana West, Inc., 154 A.3d 819, 823 (Pa. Super. 2017).

- 9 -

request for a trial by jury was not filed with the [orphans' c]ourt until December 14, 2016. The [orphans'] court correctly found that the Appellant's request for a jury trial was not timely filed because it was not received at least ten days prior to the initial Hearing scheduled for November 29, 2016.

Id. at 9-10. The orphans' court also asserted that Steele's "request for a jury would have had to be filed at least ten days prior to the scheduled November [29], 2016 hearing date, the 'initial hearing'." Orphans' Ct. Op. at 3. We disagree.

We have held:

"In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." Commonwealth v. Stevenson, 850 A.2d 1268, 1271 (Pa. Super. 2004) (en banc) (citation omitted). In making this determination, we are guided by the Statutory Construction Act, Commonwealth v. Merolla, 909 A.2d 337, 345 (Pa. Super. 2006), which dictates:

§ 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921. "As a general rule, the best indication of legislative intent is the plain language of a statute." Commonwealth v. Bradley, 575 Pa. 141, 834 A.2d 1127, 1132 (2003).

Commonwealth v. McFadden, 156 A.3d 299, 305 (Pa. Super.), appeal denied, 170 A.3d 993 (Pa. 2017); see also Sch. Dist. of Phila. v. Dep't

of Educ., 92 A.3d 746, 751 (Pa. 2014) ("This matter hinges on statutory interpretation . . . , which, as a question of law, is subject to a de novo standard of review and a plenary scope of review").

In In re Estate of Miller, 18 A.3d 1163, 1171 (Pa. Super. 2011) (en banc), the trial court, on October 29, 2008, scheduled an initial hearing for January 16, 2009. Id. at 1170-71. Four days after the hearing, on January 20, 2009, the appellant made a written request for a jury trial. Id. The trial court denied the request, and this Court affirmed, concluding that appellant's request was untimely as it was not made ten days prior to January 16, 2009. Id. at 1171. We stated: "[F]ailure to comply with the requirements of Section 777(d) constitute[s] a waiver of [the] right to have the Orphans' Court consider whether to permit a jury trial[.]" Id.

Neither Miller nor the trial court decision referenced by Hospital, Gregory, provide guidance on how to apply Section 777 when a hearing has been scheduled and later continued. The statute says that a request for a jury must be made at least ten days before "the initial hearing before the orphans' court division." The language thus suggests an intent to address a situation where multiple hearings are held to resolve an incapacity petition. Here, however, there was just one hearing, which was continued until January 9, 2017. On December 28, 2016, upon learning of the continuance, Steele renewed her December 14, 2016 request for a jury. Both jury requests were made more than ten days before the January 9, 2017 hearing.

A note to Section 777 states:

Subsection (d): This subsection is rewritten to make it clear that the party desiring jury trial must make demand in writing in all cases and do so at an early stage; delays of the hearing by demanding a jury trial at the last moment should thus be avoided.

20 Pa.C.S. § 777 note. We do not agree that Steele's request was made "at the last moment" here. We note that the hearing initially was scheduled to be held on November 29, 2016, less than ten days after November 21, 2016, the date Steele was served with the petition for appointment of a permanent guardian. It was impossible for Steele to request a jury trial ten days prior to that hearing date. On December 14, 2016, after the hearing was rescheduled for December 21, 2016, Steele requested a jury. Her request was made too late to apply to the hearing on December 21, but when the hearing was rescheduled for January 9, Steele made sure she presented a jury request within the time allowed.

Commitment proceedings threaten "significant deprivations of liberty." In re S.M., ___ A.3d ___, 2017 WL 6395865, at *2 (Pa. Super., Dec. 15, 2017); see also id. at *7, *10. The statutory guarantee of a jury trial in Section 777(b) provides the allegedly incapacitated person with an important protection against that deprivation. We should not lightly deem this protection waived. Steele requested a hearing before a jury more than ten days before the "initial hearing" on Hospital's petition was held. She therefore complied with the plain language of the statute. Accordingly, we

hold that the trial court erred in denying Steele's right to a jury, and we reverse.

Order reversed. Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/27/2017