J-A01014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHAWN WATSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEYSTONE WASTE DISPOSAL, LLC, | : | |
| WABACH HOLDING CO., LLC, KEVIN | : | |
| CHOWNS, JAY BAUER, AND PAUL | : | No. 1594 EDA 2019 |
| BAUER | : | |
| | : | |
| APPEAL OF: JAY BAUER | : | |
| | : | |

Appeal from the Order Entered May 6, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2017-29130

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.\*

JUDGMENT ORDER BY NICHOLS, J.:          **FILED DECEMBER 19, 2019**

Appellant Jay Bauer appeals *pro se* from the order denying his motion for leave to join additional defendants.  We quash.

Because of our disposition, we need not detail the factual history of this case, which is familiar to the parties.  On March 19, 2019, Appellant filed a motion to join several additional defendants.  Following argument, the trial court denied Appellant's motion on May 6, 2019.  Appellant did not file an application for a determination of finality pursuant to Pa.R.A.P. 341(c).

---

\* Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a notice of appeal on June 5, 2019. The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b).

On June 25, 2019, this Court issued a rule to show cause as to why this Court should not quash the appeal because the May 6, 2019 order is not a final order under Pa.R.A.P. 341.[1] Appellant filed a response that was unresponsive to this Court's rule to show cause. This Court did not discharge the rule to show cause.

On appeal, Appellant raises two issues:

1. Whether the trial court erred as a matter of law in denying Appellant's motion for leave to join additional defendants.

2. Whether, in a case of manifest error, the trial court's error is so egregious thereby creating a gross injustice which requires that the matter should be resolved by this Court.

Appellant's Brief at 8-9 (some formatting altered).

Initially, we address whether we may exercise appellate jurisdiction. In **Massaro v. Tincher Contracting LLC**, 204 A.3d 932 (Pa. Super. 2019), this Court stated: "We may raise whether this Court has jurisdiction *sua sponte*. Generally, this Court has jurisdiction of appeals from final orders of the courts of common pleas." **Massaro**, 204 A.3d at 933 (some formatting omitted).

An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order

---

[1] In the same order, because this Court noted that Appellee had filed for bankruptcy, we also ordered Appellee to file a notice of bankruptcy with this Court. The docket does not reflect that Appellee responded to our order, and this Court did not discharge its rule to show cause.

as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

A final order is one that disposes of all the parties and all the claims or is entered as a final order pursuant to the trial court's determination.

*In re Steele*, 177 A.3d 328, 331 (Pa. Super. 2017) (citation and some formatting omitted).

In *Techtmann v. Howie*, 720 A.2d 143 (Pa. Super. 1998) (*per curiam*), the appellants appealed from an order denying their petition for leave to join an additional defendant. *Techtmann*, 720 A.2d at 144. Initially, the *Techtmann* Court noted that "[o]bviously, the order in this case, denying [Appellants' petition] does not dispose of the claims of all the parties." *Id.* at 145 (citation omitted). The Court then reasoned as follows:

The following is a partial list of orders **previously interpreted by the courts as appealable final orders under Rule 341 that are no longer appealable as of right** unless the trial court or administrative agency makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):

* * * *

(6) an order dismissing a complaint to join an additional defendant or **denying a petition to join an additional defendant** or denying a petition for late joinder of an additional defendant.

Pa.R.A.P. 341, Note (emphasis supplied).

In the instant case, the trial court did not make an express determination of finality under Rule 341(c). Therefore, we find that the denial of a petition for leave to join an additional

- 3 -

defendant is unappealable. To hold otherwise would permit the kind of piecemeal litigation that the Supreme Court specifically tried to eliminate when it enacted Rule 341.

Therefore, this matter is properly before us only if it qualifies as an interlocutory order appealed as of right pursuant to Rule 311, an interlocutory order by permission pursuant to Rule 312, or a collateral order pursuant to Rule 313.

*Id.* (emphases in original and citations and footnote omitted); *accord* Pa.R.A.P. 341 & note.

The *Techtmann* Court concluded that the order was not an appealable order as of right under Rule 311. *Techtmann*, 720 A.2d at 146. Similarly, the Court held that the order was not appealable under Rule 312 because the appellants failed to file an appropriate application certifying the order for an appeal by permission. *Id.* The Court also applied the collateral order doctrine and held that the order at issue did not qualify as an appealable order because it was procedural in nature and directly impacted the identity of the liable party. *Id.*

Turning to this case, the procedural posture of this matter is aligned with *Techtmann*. Appellant filed an appeal from an interlocutory order denying his petition to join additional defendants. *See id.* at 145. The appealed order is not an appealable order as of right, Appellant did not request the appropriate certification from the trial court, and Appellant failed to establish the order as a collateral order. *See id.* at 145-46. For these reasons, we quash the appeal. *See In re Steele*, 177 A.3d at 331.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/19/19</u>