J-A27032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN LEE STILLMAN | : | |
| | : | |
| Appellant | : | No. 3354 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002267-2018

BEFORE: STABILE, J., NICHOLS, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.: **FILED DECEMBER 1, 2020**

Appellant, Kevin Lee Stillman, appeals from the aggregate judgment of sentence of nine to eighteen years of confinement, which was imposed after his convictions at a bench trial for two counts of illegal sale or transfer of firearms, four counts of recklessly endangering another person, two counts of terroristic threats with intent to terrorize another, two counts of simple assault, two counts of aggravated assault, and one count of manufacture, delivery, or possession with intent to manufacture or to deliver a controlled substance by a person not registered.[1] We affirm on the basis of the trial court opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6111(g)(1), 2705, 2706(a)(1), 2701(a)(3), and 2702(a)(6) and 35 P.S. § 780-113(a)(30), respectively.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, dated May 13, 2020, at 1-7. Therefore, we have no reason to restate them.[2]

Appellant presents the following issue for our review:

> Whether the trial court erred in finding there was sufficient evidence to convict Appellant of two counts of Unlawful Sale or Transfer of Firearms[1] where evidence adduced at trial supported that there was only a single transfer.
>
> [1] 18 Pa.C.S. § 6111(g)(1)

Appellant's Brief at 4.[3]

> This Court's standard for reviewing sufficiency of the evidence claims is as follows:
>
> > We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa. Super. 2017) (citations omitted).

---

[2] On November 22, 2019, Appellant filed this timely direct appeal. Appellant filed his statement of errors complained of on appeal on December 9, 2019. The trial court entered its opinion on May 13, 2020.

[3] Appellant had raised an additional claim before the trial court that, assuming that there were two transfers and two separate criminal acts, these convictions should merge for sentencing. Appellant has dropped this argument on appeal. Appellant's Brief at 13 n.4.

As Appellant's challenge also requires interpretation of the statutory language of 18 Pa.C.S. § 611(g)(1), we further note:

> In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law. In making this determination, we are guided by the Statutory Construction Act, which dictates: . . .
>
> > (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
> >
> > (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
>
> 1 Pa.C.S. § 1921. As a general rule, the best indication of legislative intent is the plain language of a statute.

*In re Steele*, 177 A.3d 328, 333 (Pa. Super. 2017) (internal quotation marks and some citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas C. Branca, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. *See* Trial Court Opinion, dated May 13, 2020, at 8-14 (finding: as a matter of Pennsylvania law, the sale of two firearms even though in a single transaction constitutes a first and second offense under 18 Pa. C.S. § 6111(g)(1); the language of Section 6111(g)(1) is unambiguous, as its use of the article "a" before "a firearm" plainly means "a single firearm"; case law

- 3 -

has interpreted similar phrasing of "a firearm" in another section of the Pennsylvania Uniform Firearms Act to refer to a single firearm; thus, Appellant's two convictions for illegal sale or transfer of firearms constitute a first and second offense for grading purposes; accordingly, Appellant's first conviction (Count 1) was properly graded as a misdemeanor of the second degree, while his second conviction (Count 2) was appropriately graded as a felony of the second degree).  Accordingly, we affirm on the basis of the trial court's opinion.  The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/01/2020