J-A11034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BLONDELL SIMMONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PROJECT HOME DEVELOPMENT CORP., | : | |
| SISTER MARY SCUILLION, SUSAN | : | |
| MILLER, SHELANDA  DOWNING, | : | |
| KATRINA  KINSLOW, CAROLYN | : | |
| CROUCH-ROBINSON, CHRITINE | : | |
| ZACCHEI, AND QUINESSA DESHIELDS | : | No. 2390 EDA 2015 |

Appeal from the Order Entered July 2, 2015
in the Court of Common Pleas of Philadelphia County Civil Division
at No(s): December Term, 2014 No. 02052

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED APRIL 22, 2016**

Appellant, Blondell Simmons, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas granting Appellees' Miscellaneous Motion to Enforce Court Order.  The instant order dismissed Appellees Project HOME Development Corporation, Sister Mary Scuillion, Shelanda Downing, Katrina Kinslow, Carolyn Crough-Robinson, Christine Zacchei, and Quinessa DeShields[1] ("Moving Appellees") from this action with prejudice, due to Appellant's failure to comply with the terms of the court's

---

[*] Former Justice specially assigned to the Superior Court.

[1] For consistency, we are adopting the spelling of the parties' names as they appear in the caption, although there is a disparity in the pleadings.

April 7, 2015 order. Because we conclude that the order is not final and appealable, we quash.

On December 15, 2014, Appellant filed suit against Moving Appellees and Susan Miller. On January 14, 2015, Moving Appellees filed preliminary objections. On February 2, 2015, Appellant filed a First Amended Complaint against Moving Appellees and Susan Miller. On February 12, 2015, Moving Appellees filed preliminary objections to the First Amended Complaint. On February 23, 2015, Appellant filed a Second Amended Complaint against Moving Appellees, Susan Miller, and Michael D'Adonna. On March 4, 2015, Moving Appellees filed preliminary objections to the Second Amended Complaint. Appellant did not oppose the preliminary objections. On April 7, 2015, the trial court sustained the preliminary objections and dismissed the Second Amended Complaint without prejudice. The order provided that Appellant had "ten (10) days from the docketing of this order to file a Third Amended Complaint, which must contain clear averments that precisely articulate a cause, or causes, of action against the Defendants." Order, 4/7/15, at 1. The order further provided that "[f]ailure to comply with the terms of this order shall, upon application by Defendants, result in the dismissal of this action with prejudice for failure to prosecute." *Id.*

On April 13, 2015, Appellant filed a Third Amended Complaint. On April 17, 2015, Moving Appellees and Susan Miller filed preliminary

- 2 -

objections to the Third Amended Complaint.[2]  On June 9, 2015, Moving Appellees filed a Miscellaneous Motion to Enforce Court Order of April 7, 2015.  On July 2, 2015, Appellant filed an answer to Moving Appellees Miscellaneous  Motion.  On the same date, the trial court entered the order appealed from in the case *sub judice*.[3]

Appellant filed a timely appeal on July 27, 2015.  Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The trial court asks this Court to quash the instant appeal.  Trial Ct. Op., 10/1/15, at 5.  The court found that "the at-issue order did not end the instant suit, nor did it dispose of all parties (given that Susan Miller and Michael D'Adonna remain as defendants), meaning that this order was not final in nature."  *Id.*  (footnote omitted).

As a prefatory matter, we consider whether the July 2nd order is appealable.  "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order."  ***Kulp v. Hrivnak***, 765 A.2d 796,

---

[2] We note that on May 8, 2015, Appellant filed a Fourth Amended Complaint. On May 14, Moving Appellees and Susan Miller filed preliminary objections to the Fourth Amended Complaint.  On June 1, 2015, Appellant filed a Fifth Amended Complaint.  On June 11, 2015, Moving Appellees filed preliminary objections to the Fifth Amended Complaint.  On June 29, 2015, Appellant filed a Sixth Amended Complaint.

[3] On July 13, 2015, Appellant filed a motion for reconsideration.  On July 14, 2015, the motion was denied.

798 (Pa. Super. 2000) (citation omitted). "[I]t has been firmly established since the promulgation of the 1992 amendment to Pa.R.A.P. 341 that orders can be considered final and appealable only if they meet the requirements set forth in the rule." ***Brickman Grp., Ltd. v. CGU Ins. Co.***, 829 A.2d 1160, 1164 (Pa. Super. 2003) (citations omitted).

Rule 341 provides, in pertinent part, as follows.

> **(b) Definition of Final Order**.—A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
>        *    *    *
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.
>
> **(c) Determination of finality**.—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. . . .

Pa.R.A.P. 341(b)(1), (3), (c).

The July 2nd order did not dismiss Susan Miller and Michael D'Addona from this action with prejudice. The order does not dispose of all claims and

of all parties.[4] *See id.* Therefore, it is not a final and appealable order.

Accordingly, we quash the instant appeal.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2016

---

[4] We acknowledge, however, that we may consider interlocutory appeals in certain circumstances. *See* Pa.R.A.P. 311, 313. However, the July 2, 2015 order is not appealable as of right or under the collateral order doctrine. Therefore, Appellant's appeal is interlocutory and we lack jurisdiction.