J-A29022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE R. CUMMINS, DIANA | : | No. 654 WDA 2019 |
| SIROY CUMMINS, KELLY A. REITH, | : | |
| AND DAVID R. REITH | : | |

Appeal from the Order Entered, March 29, 2019,
in the Court of Common Pleas of Venango County,
Civil Division at No(s):  CIV-1474-2018.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:          FILED JANUARY 30, 2020

Wells Fargo Bank, N.A., seeks to appeal an order sustaining the preliminary objections of two out of four Defendants in this equity proceeding. Because that order did not dispose of the other two Defendants, we quash.

The appellees do not challenge the appealability of the order before us. "We may, however, raise the issue sua sponte because it affects the jurisdiction of the court."  Brickman Grp., Ltd. v. CGU Ins. Co., 829 A.2d 1160, 1163 (Pa.Super. 2003).  This Court only "has jurisdiction to entertain appeals taken (1) as of right from a final order; (2) from interlocutory orders by permission; (3) from certain interlocutory orders as of right; and (4) from

_____

[*] Retired Senior Judge assigned to the Superior Court.

certain collateral orders." Redevelopment Auth. of Cambria City v. Int'l Ins. Co., 685 A.2d 581, 585 (Pa.Super. 1996) (citations omitted).

"[A]n appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341. Under that Rule:

> A final order is any order that:
>
> (1)    disposes of all claims and of all parties; or
>
> (2)    RESCINDED
>
> (3)    any order entered as a final order pursuant to subdivision (c) of this rule.

Pa.R.A.P. 341(b).

Here, the order did not dispose of Wells Fargo's claim against the Cummins, because those defendants filed no pleadings in response to Wells Fargo's complaint. Nor did they join in the Reiths' preliminary objections. Thus, the trial court's order sustaining the preliminary objections of the Reiths did not extend to the Cummins.[1] The order did not dispose of all parties.

_____

[1] We note that the order in question was imprecise, because it did not specify that it dismissed Wells Fargo's complaint as to the Reiths. Thus, upon first glance, the order appears to grant full disposition of the case by completely dismissing the complaint.

However, further review of the record reveals that (a) this was clearly not the trial court's intent for the order; (b) the trial court could not dismiss the complaint against the Cummins, because they did not file preliminary objections; and (c) Wells Fargo continued prosecuting its claim against the Cummins after the court sustained the preliminary objections. For instance, Wells Fargo filed a motion for judgment against the Cummins, and the trial court scheduled a hearing on that motion at the time that it sustained the preliminary objections. See Trial Court Order, 3/29/19 (directing a hearing

Pa.R.A.P. 341(c) provides, "when multiple parties are involved, the trial court . . . may enter a final order as to . . . fewer than all . . . parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case . . . In the absence of such a determination . . . any order . . . that adjudicates fewer than all the claims and parties shall not constitute a final order." Pa.R.A.P. 341(c). In this matter, the trial court made no such express determination in its order; thus, the order is not final. Instead, it is interlocutory.

Moreover, there is nothing in the record to indicate that Wells Fargo obtained permission to appeal this interlocutory order under Pa.R.A.P. 1311. Finally, this is neither an interlocutory appeal as of right nor a collateral order. See, e.g., Pa.R.A.P. 342; Pa.R.A.P. 313(b).

The order sustaining preliminary objections is not yet appealable.

Appeal quashed.

_____

on Wells Fargo's Motion for Judgment against the Cummins under Pa.R.Civ.P. 1066). The court later granted a request to continue that hearing until the summer of 2019. Thus, the trial court obviously considered the matter still pending as to the Cummins.

Only after the court granted that continuance and denied Wells Fargo's request for reconsideration of the order sustaining the Reiths' preliminary objections, did Wells Fargo file a notice of appeal. At that point, the trial-court proceedings ceased, and it appears that the court believed the notice of appeal deprived it of jurisdiction under Pa.R.A.P. 1701(a). If so, the trial court was mistaken, because it retained jurisdiction and should have disregarded Wells Fargo's inoperable notice of appeal under Pa.R.A.P. 1701(b)(6).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2020