J-A20009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

MELISSA YOUNG : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
JEFFREY YOUNG : No. 147 WDA 2021

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 10-006991-017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: FEBRUARY 4, 2022**

In this equitable distribution matter arising ten years after the entry of a divorce decree, Melissa Young (Wife) presents us with an appeal from an interlocutory order that granted relief to Jeffrey Young (Husband). After careful review of the record, we affirm.

Husband and Wife married in 2005. Prior to the marriage Husband and Wife entered into a prenuptial agreement indicating that in the event of divorce, each party would retain their respective property held prior to the marriage. Husband entered the marriage owning a property on Ohio River Boulevard in Allegheny County.

During the marriage, the couple purchased a separate property on Ohio River Boulevard, which they owned as tenant in the entireties. The couple separated in 2009. Wife filed a complaint in divorce on March 10, 2010, which

did not include a claim for equitable distribution. Prior to the entry of a divorce decree, the parties were involved in negotiations to enter a settlement agreement, which Husband alleges was duly entered. Husband claims that, pursuant to an oral agreement, he transferred title of his pre-marital property to Wife. He further alleges that it was his understanding that Wife had effectuated the transfer of the title to the marital property to Husband. On December 7, 2010, the trial court issued a divorce decree, with the trial court retaining jurisdiction for any claims arising for which a final order had not been entered.

In March 2020, Husband filed a motion to compel Wife to sign a deed, in which he alleged Wife failed to execute the deed transferring title of the marital property to Husband. Wife filed a motion to dismiss. Thereafter, Husband filed a response and new matter. On June 30, 2020, the trial court entered orders granting Wife's motion to dismiss, without prejudice to Husband's ability to refile under the proper provision of the Divorce Code or Pennsylvania rules of Civil Procedure. Further, the trial court denied Husband's motion to dismiss Wife's motion.

On September 29, 2020, Wife filed a complaint in equity – partition, and on October 23, 2020, Wife filed a motion for a hearing noting that Husband had failed to provide a responsive pleading within twenty days of her complaint. Husband filed a response alleging proper service was never effectuated, and therefore the matter was not ripe for a hearing. On October

30, 2020, the trial court entered orders denying Wife's motion and granting Husband's response.

While the parties were litigating motions on Wife's partition complaint, Husband filed a motion to enforce the settlement agreement, which alleged the same facts as his previous motion to compel Wife to sign the deed. However, it also claimed that the parties had drafted a settlement agreement setting forth the terms of their equitable distribution. Husband alleged that the parties simply failed to sign the agreement. Wife filed an answer and new matter, in which she asserted that the marital property was owned as tenants in common and that resolution of the matter required partition.

On November 3, 2020, Wife filed a praecipe to reinstate her partition complaint. Husband filed preliminary objections, and argument on the preliminary objections was ultimately scheduled for April 22, 2021. Wife's reinstated partition complaint was filed under the same trial court docket number as Husband's motion to enforce.

In the meantime, the trial court held a hearing on Husband's motion to enforce the settlement agreement. On January 25, 2021, the trial court granted Husband's motion to enforce and ordered Wife to sign, within five days, the deed to transfer the marital property to Husband. Wife filed this appeal. Thereafter, Husband filed a motion to stay Wife's pending partition action, which the trial court granted on February 12, 2021.

In her appellate brief, Wife raises multiple claims challenging the propriety of the trial court's determinations relating to the admissibility of evidence and the disposition concerning whether the parties had entered into a proper contract regarding the transfer of the marital residence.

Before addressing Wife's claims, we must first determine whether her appeal is properly before this Court, because the threshold question of the appealability of the order before us affects our jurisdiction. *See Brickman Group, Ltd. v. CGU Ins. Co.,* 829 A.2d 1160, 1163 (Pa. Super. 2003). This Court has jurisdiction over "all appeals from final orders of the courts of common pleas." 42 Pa.C.S.A § 742. As we have long stated, "It is a fundamental axiom of appellate court jurisdiction that an appeal will lie only from a definitive order, decree or judgment which finally terminates the action." *Commonwealth v. Defelice*, 375 A.2d 360, 362 (Pa. Super. 1977).

Pursuant to our rules of Appellate Procedure, generally, only final orders are appealable. *See* Pa.R.A.P. 341. Final orders are defined as orders that dispose of all claims and all parties. *See* Pa.R.A.P 341(b)(1). Rule 341 instructs that "[a]ny order or other form of decision that adjudicates fewer than all claims and all parties does not constitute a final order." *Kovalchick v. B.J.'s Wholesale Club*, 774 A.2d 776, 777 (Pa. Super. 2001) (citing Pa.R.A.P. 341). An exception to this general rule exists under Rule 341(c), whenever an express determination has been made by the trial court that an immediate appeal would facilitate resolution of the entire case. Rule 341 is

fundamental to the exercise of jurisdiction by this Court and, therefore, the rule is rigorously applied. **See Brickman Group, Ltd.**, 829 A.2d at 1164. Moreover, the failure of an appellee to object to the jurisdiction of an appellate court shall not operate to perfect appellate jurisdiction of an appeal from an interlocutory order. **See** 42 Pa.C.S.A. § 704(a), (b)(2).

In the order on appeal before us, dated January 25, 2021, the trial court only disposed of Husband's motion to enforce the settlement agreement. The January 25 order did not explicitly address Wife's reinstated partition complaint. Indeed, at the time of the entry of the January 25 order, a hearing on Husband's preliminary objections had already been scheduled for April 22, 2021. Further, the docket reflects that no dismissal, discontinuance, or other determination of finality was entered as to Wife's outstanding partition complaint.

Normally, these circumstances would require quashal of the appeal, as Wife's partition complaint at the same docket number and based on the same property is still pending. However, Wife argues that the trial court's order, "effectively disposed of [Wife's] partition action as well." Appellant's Brief at 13. In his brief, Husband agrees with Wife that the order "is final and appealable." Appellee's Brief at 2. The parties cannot, however, confer jurisdiction on this Court by agreement. **See Blackwell v. Commonwealth**, 567 A.2d 630, 636 (Pa. 1989).

Nonetheless, we ultimately agree with the parties. Wife's partition complaint is explicitly based on Pa.R.Civ.P. §§ 1551-1574. *See* Complaint for Partition, 9/28/20. In order to have standing to pursue partition of the marital property, Wife must be a co-owner. *See* Pa.R.Civ.P. § 1553. But the order under appeal here directed Wife to sign the deed to the marital property and transfer all of her interest in the marital property to Husband within five days. *See* Order, 1/25/21. Accordingly, the January 25th Order implicitly disposes of Wife's partition complaint.

Next, we must determine whether Wife has waived her argument challenging the trial court's finding that a written settlement agreement existed. The trial court contends Wife failed to preserve this argument by failing to include it in her Pa.R.A.P. 1925(b) concise statement of issues on appeal. We will not penalize an appellant for failing to anticipate an issue that could not be known before the trial court identifies it as a basis for its conclusion. *See Commonwealth v. Poncala*, 915 A.2d 97, 100 (Pa. Super. 2006). The January 25th order provides no rationale for the trial court's decision. And we can find no other evidence of record that the parties were alerted to the trial court's rationale prior to the trial court's opinion on appeal. Accordingly, we agree with Wife that she had no ability to foresee that the trial court had found a written settlement agreement existed and conclude she has not waived her challenges to that finding on appeal.

Nonetheless, we conclude Wife's argument that the court erred in admitting parol evidence merits no relief. "The parol evidence rule states that, absent fraud, accident, or mistake, parol evidence of a prior or contemporaneous oral agreement is not admissible to alter, vary, modify, or contradict terms of a contract which has been reduced to an integrated written instrument." *Kehr Packages, Inc. v. Fidelity Bank, Nat. Ass'n*, 710 A.2d 1169, 1172 (Pa. Super. 1998). Wife posits that since the trial court concluded a written settlement agreement existed, it erred in admitting evidence of oral agreements between the parties. Wife's argument, however, ignores the reality that the existence of the written settlement agreement was a litigated issue of fact. Wife herself continues to argue that no written agreement exists. *See* Appellant's Brief, at 18. Under Wife's own contentions at trial, then, the evidence of oral agreements was admissible because Wife asserted no integrated, written agreement exists.

Additionally, we note that Wife's argument on appeal mixes apples and oranges. She correctly observes that the trial court found a written agreement existed. However, to establish that the trial court improperly considered of parol evidence, she cites to the trial court's alternate holding that even if no written agreement existed, Husband had carried his burden of establishing the terms of an oral agreement. After a thorough review of the record and the trial court's opinion, we cannot conclude that the trial court relied on the parol evidence to alter, vary, modify, or contradict the terms of the written

settlement agreement. Wife's argument to the contrary merits no relief on appeal.

With respect to Wife's remaining arguments, we conclude the trial court thoroughly and properly addressed Wife's issues in its opinion on appeal. *See* Trial Court Opinion, file 5/10/21, at 9-19 (holding evidence of settlement offer was admissible under Pa.R.E. 408 to prove the existence and terms of a settlement agreement; finding a meeting of the minds occurred between the parties and the parties' conduct over the previous decade conformed with the terms of the settlement agreement; and concluding that the parties' settlement agreement negated the application of 23 Pa.C.S.A. § 3507).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2022