J-A17009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| G.V. HOMES, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVE A. FREMPONG AND AGNES FREMPONG | : | |
| | : | No. 1236 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered April 8, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  00206 Aug. Term 2019

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED SEPTEMBER 21, 2022**

Steve A. Frempong and Agnes Frempong appeal, *pro se*, from the order denying their motion for post-trial relief after the trial court found in favor of G.V. Homes, Inc., in this ejectment action. Because we conclude that we lack jurisdiction, we quash.

This case involves an extensive and meandering procedural history, including appeals to both the Pennsylvania Commonwealth Court and this

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court.[1] Briefly, the Frempongs[2] were the owners of property located in the city and county of Philadelphia. The Frempongs failed to pay real estate taxes for the property for several years. *See* Complaint, 8/6/19, Exhibit A (indicating that taxes on the property had been delinquent since 2002). In 2015, the City of Philadelphia filed a petition for rule to show cause why the property should not be sold free and clear from all liens, and in March 2016, the trial court authorized a real estate tax lien sale on the property. G.V. Homes purchased the property through the tax lien sale on December 19, 2017.

The Frempongs refused to vacate the property or permit G.V. Homes to enter the property, and ultimately, G.V. Homes filed a complaint in ejectment and trespass on August 5, 2019. Additional litigation ensued.

The trial court conducted a bench trial on March 17, 2021, after which the trial court found in favor of G.V. Homes and awarded G.V. Homes possession of the property. The Frempongs subsequently filed a motion for post-trial relief requesting that the court dismiss the ejectment action, set

---

[1] *See City of Phila. v. Frempong*, 196 A.3d 282, 959 C.D. 2016 (Pa. Cmwlth. filed Sept. 19, 2018) (unpublished memorandum); *City of Phila. v. Frempong*, 227 A.3d 973, 68 C.D. 2019 (Pa. Cmwlth. filed Apr. 24, 2020) (unpublished memorandum); *City of Phila. v. Frempong*, 239 A.3d 1150, 67 C.D. 2019 (Pa. Cmwlth. Filed August 27, 2020) (unpublished memorandum); *G.V. Homes v. Frempong*, 2022 WL 2165557, 1577 EDA 2021 (Pa. Super. filed June 16, 2022) (unpublished memorandum).

[2] From the record, it appears that Steve was the sole owner of this property. *See* Complaint, 8/6/19, Exhibit A. However, G.V. Homes named both Steve and Agnes in their complaint; we will therefore refer to them collectively.

aside the verdict, or conduct a new trial; the trial court denied the motion. Additionally, upon praecipe of G.V. Homes, the trial court issued a writ of possession. The instant appeal followed.

As a preliminary matter, we must determine whether the Frempongs have properly invoked this Court's jurisdiction. *See Brickman Grp., Ltd. v. CGU Ins. Co.*, 829 A.2d 1160, 1163 (Pa. Super. 2003) (explaining that this Court may raise a jurisdictional issue *sua sponte*). In a civil case, an appeal "can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." *Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*); *see also Angelichio v. Myers*, 110 A.3d 1046, 1048 (Pa. Super. 2015) ("As a general rule, this Court has jurisdiction only over appeals taken from final orders."). However, when a notice of appeal is filed prior to the entry of a final judgment, appellate jurisdiction may be perfected by the entry of judgment on the docket. *See Johnston the Florist*, 657 A.2d at 513; *see also* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Here, the Frempongs filed their notice of appeal from the order denying their post-trial motion. Judgment was never entered in this case, and therefore, our jurisdiction has never been perfected. *Cf. Johnston the Florist*, 657 A.2d at 513. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2022