J-A25004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABODE LA, LLC, TOBIN WATKINSON | : | No. 2372 EDA 2023 |
| AND ALEKSANDRA WATKINSON | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CALLAHAN WARD 12TH STREET, LLC | : | |
| AND CITY OF PHILADELPHIA | : | |

Appeal from the Order Entered September 14, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  211202048

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                                        **FILED MAY 13, 2025**

Appellant, Sergei Kovalev, appeals from an order entered on September 14, 2023 in the Civil Division of the Court of Common Pleas of Philadelphia County.  The trial court's order granted a motion for summary judgment filed on behalf of Adobe LA, LLC, Tobin Watkinson, and Aleksandra Watkinson and dismissed all claims asserted against these defendants with prejudice.  After careful consideration, we quash.

On April 7, 2021, Appellant filed a complaint against Callahan Ward 12th Street, LLC, Marcus W. Toconita, Antonio R. Cutrufello, the City of

Philadelphia, and the Commonwealth of Pennsylvania.[1] The complaint alleged that Appellant sustained injuries when he tripped and fell on a raised section of sidewalk that ran adjacent to a building located along North 12th Street in the City of Philadelphia. The complaint identified Callahan Ward 12th Street, LLC as the owner of the building along which the sidewalk extended, and Toconita and Cutrufello were identified as the owners of Callahan Ward 12th Street, LLC. Appellant further alleged that the Callahan defendants' negligent failure to maintain the sidewalk was the proximate and legal cause of the injuries and damages he sustained due to the accident.

During the course of discovery, Callahan Ward produced information which indicated that, at the time of Appellant's fall, the company had entered into a long-term lease agreement with Adobe LA, LLC, which used the building as a hotel. On December 29, 2021, Appellant filed a separate legal action against Adobe LA, LLC, Tobin Watkinson, and Aleksandra Watkinson.[2] The complaint filed in the Adobe case alleged that the Adobe defendants were in possession of the building located along North 12th Street when Appellant fell on the sidewalk. The complaint further alleged that the Adobe defendants

---

[1] Appellant's April 7, 2021 complaint is docketed in the trial court at Case No. 210400495. We shall refer to this case as the "Callahan Case" and the defending parties therein as the "Callahan defendants."

[2] Appellant's December 29, 2021 complaint is docketed in the trial court at Case No. 211202048, the matter on appeal herein. We shall refer to this case as the "Adobe Case" and the defending parties as the "Adobe defendants."

breached a duty to maintain the sidewalk and that their negligence caused Appellant to sustain injuries and damages.

On April 14, 2022, the Adobe defendants filed a complaint to join against additional defendants Callahan Ward 12th Street, LLC and the City of Philadelphia. The complaint to join alleged that, in the event Appellant established liability for any injuries and damages he sustained, then the additional defendants (as owners of the property) were responsible for those alleged losses. A short time later, the Adobe defendants moved to consolidate the Adobe case with the Callahan case. The trial court, on June 10, 2022, granted the Adobe defendants' motion and ordered consolidation of the two cases solely for the purposes of discovery and trial.

On August 7, 2023, the Adobe defendants jointly moved for summary judgment, arguing that they owed no duty to maintain the sidewalk where Appellant's accident occurred and that they were not responsible for the injuries and damages Appellant allegedly sustained. The trial court agreed and, on September 14, 2023, granted the motion for summary judgment.

Appellant filed a timely appeal and, thereafter, timely complied with the trial court's order to file a concise statement of errors complained of on appeal. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 30, 2023.

In his brief, Appellant identifies four issues for our consideration, including a claim which asserts that the Adobe defendants waived all defenses based upon their contractual arrangements with the Callahan defendants

- 3 -

together with claims that the trial court erred or abused its discretion in granting summary judgment where genuine issues of material fact should have been submitted to a jury. **See** Appellant's Brief at 4. For the reasons that follow, we conclude that we lack jurisdiction to address Appellant's issues.

"[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009). Thus, before we reach the merits of this appeal, we must assure ourselves that the trial court's summary judgment order is not interlocutory since "the appealability of an order directly implicates the jurisdiction of [this Court] to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (internal citation omitted). In general, our jurisdiction extends only to appeals taken from final orders, which include orders that dispose of all claims against all parties. **See Schmitt v. State Farm Mut. Automobile Ins. Co.**, 245 A.3d 678, 681 (Pa. Super. 2021).

Our prior cases have explained:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

**Bailey v. RAS Auto Body, Inc.**, 85 A.3d 1064, 1067-1068 (Pa. Super. 2014) (quotation omitted).

Pennsylvania Rule of Appellate Procedure 341 governs appeals from final orders. In relevant part, it states:

(a) General rule.--Except as prescribed in paragraphs (d) and (e) of this rule,[3] an appeal may be taken as of right from any final order of a government unit or trial court.

(b) Definition of final order.--A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) (Rescinded).

(3) is entered as a final order pursuant to paragraph (c) of this rule.

(c) Determination of finality.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) An application for a determination of finality under paragraph (c) must be filed within 30 days of entry of the order. During the time an application for a determination of finality is pending, the action is stayed.

(2) Unless the trial court or other government unit acts on the application within 30 days after it is filed, the trial court or other government unit shall no longer consider the application and it shall be deemed denied.

(3) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Pa.R.A.P. 903(c). Any denial of such an

---

[3] Paragraph (d) pertains to appeals from the Superior Court and the Commonwealth Court, and paragraph (e) applies to Commonwealth appeals from orders entered in criminal cases. As such, these provisions have no application in this case.

> application is reviewable only through a petition for permission to appeal under Pa.R.A.P. 1311.

> ***

Pa.R.A.P. 341(a), (b), (c) (footnote added).

In this case, the Adobe defendants filed a complaint to join the Callahan defendants as additional defendants. There is no indication that the claims against the Callahan defendants have been fully resolved or that they have been dismissed from this matter. Accordingly, this appeal was not taken from a final order as provided in Pa.R.A.P. 341(b)(1) since the summary judgment order challenged by Appellant did not dispose of all claims and all parties.[4]

Next, we must determine whether Pa.R.A.P. 341(c) authorizes us to exercise jurisdiction in this case. In its notice of compliance with Rule 1925(a),

_____

[4] The Pennsylvania Rules of Civil Procedure permit an original defendant to join an additional defendant not a party to the action who may be solely liable, liable over to the joining party, or jointly or severally liable with the joining party on the plaintiff's cause of action. *See* Pa.R.Civ.P. 1706.1. The rules further state that "[t]he plaintiff shall recover from an additional defendant found liable to the plaintiff alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Pa.R.Civ.P. 2255(d). The key inquiry in this assessment is whether the additional defendant's liability is related to the plaintiff's claim against the original defendant. *See Somers v. Gross*, 574 A.2d 1056, 1058 (Pa. Super. 1990). If it is, joinder may go forward because it allows the court to assess all possible sources of the plaintiff's harm in a single action, regardless of who asserted the specific theory of harm. *See id*. Thus, even where the original defendant, who has properly joined an additional defendant, has been dismissed from a lawsuit, the plaintiff's case may proceed as if the plaintiff filed his claims directly against the additional defendant without the plaintiff filing additional pleadings. *See 202 Island Car Wash, L.P. v. Monridge Construction, Inc.*, 913 A.2d 922, 927 (Pa. Super. 2006).

the trial court declared that its September 14, 2023 order constituted a final order and that this matter was ripe for appeal. *See* Notice of Compliance with Pa.R.A.P. 1925(a), 10/30/23. We conclude that the trial court's statement did not establish appellate jurisdiction under Rule 341(c).

We may review the merits of a trial court's certification under Rule 341(c) *sua sponte*. **See F.D.P. v. Ferrara**, 804 A.2d 1221, 1228 n.6 (Pa. Super. 2002). A certification of finality under Rule 341 should be declared only in extraordinary circumstances. **See Liberty State Bank v. Northeastern Bank of Pennsylvania**, 683 A.2d 889, 890 (Pa. Super. 1996).

"Subdivision (c) permits an immediate appeal from an order dismissing less than all claims or parties from a case only upon an **express** determination that an immediate appeal would facilitate resolution of the entire case." **Bailey**, 85 A.3d at 1068 (emphasis added). Before making a certification under Rule 341(c), the court should consider several factors which include, but are not limited to, the following:

> (1) whether there is a significant relationship between adjudicated and unadjudicated claims;
> (2) whether there is a possibility that an appeal would be mooted by further developments;
> (3) whether there is a possibility that the court or administrative agency will consider issues a second time; [and]
> (4) whether an immediate appeal will enhance the prospects of settlement.

Pa.R.A.P. 341, Note.

We are not persuaded that the trial court's declaration in this case permits us to exercise appellate jurisdiction under Rule 341(c). Appellant did

not ask the trial court to make an express determination that an immediate appeal would facilitate resolution of the entire case. Instead, the trial court summarily indicated that its September 14, 2023 summary judgment order constituted a final ruling which rendered this case ripe for appeal. Significantly, the court made no "express determination that an immediate appeal would facilitate resolution of the entire case[,]" and there is no indication the trial court considered any of the relevant factors identified in the commentary following Rule 341. **See** Pa.R.A.P. 341(c). Frankly, we fail to see how our consideration of premises liability claims brought against a tenant would facilitate resolution of pending premises liability claims asserted against a property owner. Therefore, in accordance with our prior case law, in the absence of "an express determination that an immediate appeal would facilitate resolution of the entire case[,]" we conclude that this Court's jurisdiction has not been properly invoked under Rule 341(c). **See Bailey**, 85 A.3d at 1070 (no final order under Subsection 341(c) where claims remained pending, trial court failed to consider factors relevant to Rule 341(c) certification, and court merely declared certification would "facilitate resolution of th[e] case" as opposed to declaring certification would "facilitate resolution of the **entire case**") (emphasis in original); **Robert H. McKinney, Jr., Assocs., Inc. v. Albright**, 632 A.2d 937, 939 (Pa. Super. 1993) (no final order pursuant to Pa.R.A.P. 341(c) where trial court did not make "an express

determination that an immediate appeal would facilitate resolution of the entire case").

For the reasons set forth above, we hold that the September 14, 2023 order granting summary judgment in favor of the Adobe defendants was interlocutory and not appealable.[5]  We therefore quash this appeal.[6]

Appeal quashed.

_____

[5] Appellant has not invoked a right to appeal the trial court's summary judgment order under Pa.R.A.P. 311 (appeal from an interlocutory order as of right), Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b) (appeal from an interlocutory order by permission), or Pa.R.A.P. 313 (appeal from a collateral order).

[6] Citing **Kincy v. Petro**, 2 A.3d 490, 494 (Pa. 2010), **Malanchuk v. Tsimura**, 137 A.3d 1283 (Pa. 2016), and other cases, Appellant argues that the trial court's summary judgment ruling was final and appealable.  **See** Appellant's Brief at 14-15.  He reasons that, in light of these decisions, consolidation of the Adobe case with the Callahan case solely for purposes of discovery and trial did not defeat appellate jurisdiction.  **Kincy** and **Malanchuk** establish simply that discretionary consolidation under Pa.R.Civ.P. 213(a) for purposes of discovery and trial does not alter the need to independently assess the appealability of a judgment entered in a consolidated matter.  In other words, separate judgments entered in consolidated matters ordinarily become appealable independently, unless the cases merge completely and their separate identities are erased.

The issue of consolidation has little to no bearing on our jurisdictional analysis.  As explained above, it is the continued presence of the Callahan defendants and the unresolved claims that remain pending against them that defeat appellate jurisdiction in this matter.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2025