**Cash R. GRAY, A Minor By Carol and Cash GRAY, III Parents and Natural Guardians Carol and Cash Gray, III in Their Own Right, Appellants**

v.

**Richard Samuel MAGEE, M.D. and Altoona Hospital, Appellees.**

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.
Filed Dec. 16, 2004.

William J. Gagliardino, Pittsburgh, for appellants.

John I. McIntyre and Heather A. Harrington, Hollidaysburg, for Altoona Hospital.

Margaret A. O'Malley and James F. O'Malley, Johnstown, for Magee.

Before: JOYCE, TAMILIA and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellant Cash Gray, a minor, appeals with his parents, Carol and Cash Gray, III, (collectively Appellants) the entry of summary judgment in favor of Richard Samuel Magee, M.D., (Dr. Magee) and Altoona Hospital (collectively Appellees) on March 17, 2004, in the Court of Common Pleas of Blair County. Upon review, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows: On December 21, 1998, Appellants filed a complaint sounding in medical malpractice in the Court of Common Pleas of Blair County, against Dr. Magee and Altoona Hospital as a result of injuries suffered by Appellant Cash Gray following treatment by Dr. Magee at Altoona Hospital. Prior to filing the complaint, on November 18, 1998, Appellants procured the opinion of Eli Wayne, M.D., as support for their claim of medical malpractice against Dr. Magee. However, Dr. Wayne died on November 7, 1999, and Appellants did not procure another expert witness after Dr. Wayne's death.

¶ 3 Appellees each responded to Appellants' complaint by filing a timely answer and new matter. Dr. Magee's answer implicated the treatment Appellant Cash Gray received from Jay Allen Robinson, M.D., (Dr. Robinson) and the Glendale Area Medical Center as a cause of his injuries. Therefore, on December 8, 1999, Appellants filed a complaint against Robinson and Glendale Area Medical Center in the Blair County Court of Common Pleas.

¶ 4 After filing the complaint against Robinson and Glendale Area Medical Center, Appellants discovered that the Glendale Area Medical Center was a federally supported health center under the authority of the U.S. Department of Health and Human Services. Therefore, Appellants filed an administrative claim with the U.S. Department of Health and Human Services on February 24, 2000. The trial court consolidated the case against Appellees and the case against Dr. Robinson and Glendale Area Medical Center on May 1, 2000. However, the United States, acting on behalf of Dr. Robinson and Glendale Area, removed the case to the U.S. District Court for the Western District of Pennsylvania on the basis of federal question jurisdiction, and the United States was substituted for Dr. Robinson and Glendale Area Medical Center.

¶ 5 After substituting itself as a party, the United States successfully moved for dismissal of the case on August 15, 2000. The case was then remanded to the Blair County Court of Common Pleas for disposition of the claims remaining against Appellees.

¶ 6 Following remand, the docket remained silent until August 20, 2003, whereupon the trial court conducted a pre-trial status conference. At the status conference, the trial court set December 11, 2003, as the deadline for Appellants' expert reports. Thereafter, on November 19, 2003, Appellants requested a 30-day extension of the December 11th deadline. Appellants stated in the motion that Dr. Wayne had passed away after filing his expert report and that their new expert (who was not named in the request) had not yet had time to file his expert report. The trial court granted Appellants' request and extended the deadline for the filing of expert reports to January 11, 2004.

¶ 7 As of January 7, 2004, Appellants had not yet filed the expert report from their new expert witness, and, accordingly, they requested a second 30-day extension of time to file their expert report. The trial court granted the second request for extension of time and extended the deadline for production of the expert report to February 11, 2004. Nevertheless, Appellants did not produce the expert report, and, therefore, on February 11, 2004, they filed a petition for voluntary dismissal of Appellant Cash Gray's suit.[1] Dr. Magee

1. Reference to the docketing statement of the trial court indicates that the petition for voluntary dismissal was not docketed, and the petition does not appear in the official record.

responded to the petition by filing an answer and alternative motion for summary judgment, which was joined by Altoona Hospital at a conference held on February 11, 2004.

¶ 8 On February 17, 2004, the trial court granted summary judgment in favor of Dr. Magee and dismissed the case with prejudice due to Appellants' failure to produce an expert report after being granted two 30-day extensions of time to produce the expert report. Thereafter, on March 8, 2004, Altoona Hospital requested clarification of the trial court's order entering summary judgment because the face of the order indicated that judgment was entered only as to Dr. Magee. On March 12, 2004, before the trial court disposed of Altoona Hospital's motion, Appellants filed a notice of appeal to this Court. Thereafter, on March 17, 2004, the trial court entered an order clarifying its February 17, 2004 entry of summary judgment that "dismissed, with prejudice, [Appellants'] claims against Altoona Hospital, in addition to those claims against [Dr. Magee]." *See* Trial court order, 3/17/2004, at 1 (unnumbered).[2]

¶ 9 The trial court did not order Appellants to file a concise statement of matters complained of on appeal, and it did not author an opinion in this case.

¶ 10 Appellants present the following issues for our review:

1. Whether [the trial court] abused its discretion in effectively denying [Appellants'] petition for a voluntary discontinuance without prejudice pursuant to [Pa. R.Civ.P. 229 and Pa.R.Civ.P.2039, where Dr. Magee and Altoona Hospital] failed to demonstrate any unreasonable inconvenience, vexation, harassment, expense or prejudice, and the statute of limitations had not yet run on [Appellant Cash Gray's] claim pursuant to 42 Pa.C.S.A. § 5533(b)[?]

2. Whether [the trial court] committed an error of law or abused its discretion in granting [Dr. Magee's and Altoona Hospital's motion for summary judgment], when, despite [Appellants'] efforts, they were unable to obtain a substitute expert and when [Appellants] made a timely request for voluntary dismissal[?]

Appellants' brief, at 4.

¶ 11 Appellants' issues essentially raise one claim for this Court, *i.e.*, whether the trial court abused its discretion in granting summary judgment in Appellees' favor where there was an outstanding petition

---

However, Appellants' reproduced record includes a copy of the petition, which has on its face a timestamp from the Clerk of Courts of Blair County indicating that the petition was filed on February 11, 2004. Further, Dr. Magee's and Altoona Hospital's answer to the petition and alternative motion for summary judgment was docketed by the trial court and appears in the official record. Accordingly, we will overlook the Clerk of Court's failure to docket Appellants' petition properly.

**2.** The record reveals that Appellants' notice of appeal was served on both Dr. Magee and Altoona Hospital on March 12, 2004, prior to entry of summary judgment for Altoona Hospital. Accordingly, Appellants' appeal of that order was premature. *See Korn v. Desimone Reporting Group*, 454 Pa.Super. 273, 685 A.2d

183, 184 (1996) (grant of summary judgment in favor of one defendant interlocutory where claims against other defendants remain viable); *see also* Pa.R.A.P. 341(a) (appeals lie only from final orders). Nevertheless, the trial court's March 17, 2004 clarification order rendered its previous grant of summary judgment final as to both Appellees, and, therefore, we deem Appellants' appeal timely as of that date. *See* 42 Pa.C.S.A. § 5505 (at any time before entry of final order or timely notice of appeal, trial court may modify order); *see also* Pa.R.A.P. 905 (notice of appeal filed after announcement of a determination but before entry of an appealable order shall be treated as filed after such entry and on the day thereof).

for voluntary discontinuance. Our review of this issue is governed by the following standard:

A reviewing court may disturb the [entry of summary judgment] only where it is established that the [trial] court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof [ . . . ] establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Downey v. Crozer–Chester Medical Center,* 817 A.2d 517, 524 (Pa.Super.2003) (citations and quotation marks omitted).

¶ 12 In order to establish a *prima facie* case of malpractice, the plaintiff must establish the following: (1) a duty owed by the defendant-physician to the plaintiff-patient; (2) a breach of duty from the defendant-physician to the plaintiff-patient; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the plaintiff-patient, and (4) damages suffered by the plaintiff-patient that were a

direct result of that harm. *See Mitzelfelt v. Kamrin,* 526 Pa. 54, 62, 584 A.2d 888, 891 (1990). In addition, a plaintiff in a medical malpractice action is required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the defendant-physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered by the plaintiff. *See Mitzelfelt* at 62, 584 A.2d at 892.

¶ 13 In the present case, Dr. Wayne, Appellants' first expert witness, died in 1999, and, from that time until February 17, 2004, Appellants did not procure another expert witness to support their theory of causation. Appellants did not provide a response to Dr. Magee's motion for summary judgment supplemented with an expert report from a new expert witness. *See, e.g., Kurian v. Anisman,* 851 A.2d 152, 159 (Pa.Super.2004) (although expert witness not identified during discovery, party may use unidentified expert witness's report as response to motion for summary judgment); *see also Downey,* 817 A.2d at 524 (where non-moving party bears the burden of proof on an issue, non-moving party may not merely rely on pleadings or answers in order to survive summary judgment). Moreover, Appellants admitted at the February 11, 2004 conference that they could not produce a living expert witness to substantiate their claims and concede such on appeal to this Court. As such, Appellants cannot maintain a cause of action for medical malpractice because they failed to procure an expert witness. *See Mitzelfelt* at 62, 584 A.2d at 892.

¶ 14 Appellants contend that the trial court erred in granting summary judgment before passing on their petition for a voluntary discontinuance because Appellees could not establish prejudice ensuing

from the granting of a voluntary discontinuance. Admittedly, Appellants wished to discontinue their case voluntarily so that Appellant Cash Gray could, after procuring an expert witness in the future, re-file a case at a later date pursuant to the Minority Tolling Statute, 42 Pa.C.S.A. § 5533(b) (where plaintiff is a minor, statute of limitations is tolled for the period of minority and commences only upon plaintiff's reaching age of majority). A discontinuance is the exclusive method of voluntary termination of an action by a plaintiff before the beginning of trial. *See* Pa. R.Civ.P. 229(a). Discontinuances are granted by leave of court only, but standard practice in this Commonwealth has been to assume such leave in the first instance. *See Fancsali v. University Health Ctr.*, 563 Pa. 439, 444, 761 A.2d 1159, 1161 (2000). A trial court may, however, strike off a discontinuance where it is necessary to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice. *See* Pa.R.Civ.P. 229(c).

¶ 15 In cases where one of the plaintiffs is a minor, a trial court will grant a discontinuance of the minor-plaintiff's cause of action only where the minor-plaintiff's guardian files a petition and obtains the approval of the trial court. *See* Pa. R.Civ.P.2039(a). Further, a trial court, in passing on a petition for voluntary discontinuance filed on behalf of a minor, must give some consideration to the interests of the minor as well as consideration to the aforementioned factors of unreasonable inconvenience, vexation, harassment, expense, or prejudice. *See Fancsali*, at 446–47, 761 A.2d at 1163.

¶ 16 We ascertain from the record that granting of a discontinuance in this case to allow Appellant Cash Gray a second opportunity to re-file his cause of action against Dr. Magee at some point within the extended limitations period would have been improper on the part of the trial court. Appellants' cause of action against Dr. Magee has been pending for five years in the Court of Common Pleas of Blair County, and, after numerous attempts to procure an expert witness and the trial court's repeated extensions of the discovery period, Appellants have failed to procure an expert witness to testify regarding their theory of liability in this case. Accordingly, Appellees have already experienced unreasonable inconvenience and expense in having to retain counsel and undertake discovery to defend themselves in a cause of action for which Appellants could not provide evidentiary support during the previous five years. *See, e.g., Fancsali*, at 450, 761 A.2d at 1164–65 (*discussing Foti v. Askinas*, 432 Pa.Super.604, 639 A.2d 807 (1994) (case pending for five years, involving great effort and expense, yet minor-plaintiff could not produce expert witness to support their claims; therefore, defendants showed unreasonable inconvenience and expense)).

¶ 17 Thus, we cannot say that the interests of Appellant Cash Gray in prosecuting a cause of action in the future for which he has yet to provide evidentiary support outweigh the interests of Appellees to be free from the continued unreasonable inconvenience and expense of having to retain counsel to defend a cause of action lacking evidentiary support and for which there is no indication that sufficient evidentiary support will be provided in the future. *Cf. Fancsali*, at 450, 761 A.2d at 1164–65 (*discussing Foti*, 639 A.2d 807 (granting of discontinuance to permit re-filling would cause unreasonable inconvenience and expense for defendants where case pending for five years and minor-plaintiff could not provide expert witness despite extensive discovery)). Therefore, we conclude that the granting of a discontinuance in this

case would have been improper. *Id.,* at 446–47, 761 A.2d at 1163.[3] As such, we are satisfied that the trial court did not err in its grant of summary judgment in favor of Appellees. Therefore, we affirm the judgment of the trial court.

¶ 18 Judgment affirmed.

---

3. We also draw support for our decision from our Supreme Court's recent holding in *Wolloch v. Aiken,* 572 Pa. 335, 341–42, 815 A.2d 594, 596–97 (2002). In *Wolloch,* the plaintiff was forbidden to supplement the record with expert witness testimony not produced in discovery in an untimely response to defendants' summary judgment motion after completion of discovery and entry of summary judgment. *Id.,* at 341–42, 815 A.2d at 596–97. In the present case, despite being granted several extensions of time, Appellants were unable to produce an expert witness to testify regarding their theory of liability and admitted that, as of the date of the last extension, they could not produce an expert witness at any determinate point in the future.

The principle of *Wolloch* is applicable to this case, *i.e.,* Appellants' failure to produce expert testimony to support their claims within the time provided for discovery and their failure to provide a response to Appellees' motion for summary judgment supplemented with expert witness affidavits was sufficient for the trial court to conclude that they could not demonstrate a *prima facie* case. *Wolloch,* at 341–42, 815 A.2d at 596–97. Accordingly, the grant of summary judgment in this case was proper.